CAITLIN C. BLANCHE (SBN 254109)
caitlin.blanche@klgates.com
MORGAN T. NICKERSON (*pro hac vice*)
morgan.nickerson@klgates.com
JEFFREY S. PATTERSON (*pro hac vice*)
jeffrey.patterson@klgates.com
K&L GATES LLP
1 Park Plaza
Twelfth Floor
Irvine, CA 92614
Telephone:  +1 949 253 0900
Facsimile:  +1 949 253 0902

Attorneys for Plaintiff
EPSON AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION)

| | |
|---|---|
| EPSON AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> CURTIS INTERNATIONAL, LTD AND TECHNICOLOR SA D/B/A TECHNICOLOR USA, INC. <br><br> Defendants. | Case No. 8:19-cv-01469-DOC-ADS <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE PUNITIVE DAMAGES FROM COUNTERCLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Assigned to the Honorable David O. Carter <br><br> [Proposed Order filed concurrently herewith] <br><br> DATE: October 7, 2019 <br> TIME:  8:30 am <br> CTRM:  9D <br><br> Complaint filed: Nov. 19, 2018 |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 7, 2019 at 8:30 a.m. before the Honorable David O. Carter, in Courtroom 9D of the United States Courthouse for the Central District of California, Southern Division, located at the Ronald Reagan Federal Building, United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701-4516, Plaintiff / Defendant-in-Counterclaim Epson America, Inc. ("Epson") will and hereby moves the Court for an Order striking improper material from Defendant / Plaintiff-in-Counterclaim Curtis International Ltd.'s ("Curtis") Counterclaim (ECF No. 80), as set forth below. The parties met and conferred via telephone on Friday, August 30, 2019 pursuant to L.R. 7-9, and were unable to resolve the objections that are raised in this Motion.

Epson requests that the Court strike the following material from the Counterclaim:

1. Strike the following words from Line 5 of Page 21 (¶ 124) of the Counterclaim: "(including punitive damages)."
2. Strike Lines 4-5 of Page 23 (¶ 139) of the Counterclaim: "Curtis is entitled to recover punitive damages from Epson given its tortious, reckless, oppressive, fraudulent, and malicious conduct."
3. Strike Lines 17-18 of Page 27 (Prayer for Relief (o)(iii)) of the Counterclaim: "Punitive damages for intentional interference with business relations and economic advantage under California law."

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the records and files of the Court herein, and such other evidence as may be presented prior to or at the hearing on the Motion to Strike.

|   |   |   |
|---|---|---|
| 1 |  | K&L GATES LLP |
| 2 |  |  |
| 3 | Dated: September 3, 2018 | By: */s/ Caitlin C. Blanche* |
| 4 |  | Caitlin C. Blanche |
|   |  | Morgan T. Nickerson |
| 5 |  | Jeffrey S. Patterson |
| 6 |  | Attorneys for Plaintiff and Defendant-in-Counterclaim Epson America, Inc. |

3   Case No. 8:19-cv-01469-DOC-ADS

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE PUNITIVE DAMAGES FROM COUNTERCLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

The Court is familiar with the operative facts of this case. Epson filed this litigation against Defendants alleging that Defendants have used patently false lumens rating claims, as well as improper and unsubstantiated claims regarding the general brightness of their projectors (i.e., that they are "SUPER BRIGHT," have LED Lamp Life of "50,000 Hours," and are viewable "Up to 160'") in their product advertisements and on their product packaging. By engaging in this false advertising, Epson alleges that Defendants duped consumers into purchasing their projectors instead of Epson's.

Curtis has now filed seven Counterclaims against Epson, which allege that Epson alerted Walmart, other "unidentified retailers," and consumers to Curtis' false advertising as part of "a scheme" to "eliminate projectors sold at lower price points from the marketplace and in an effort to gain back lost market share[.]" Curtis contends that Epson's communication of the substance of this litigation to these third-parties constituted false advertising, intentional interference, defamation, trade libel, unlawful business practices, and unfair competition. Curtis' prayer for relief includes a request for punitive damages.

Not only are Curtis' counterclaims untenable as a matter of law (as explained in Epson's motion to dismiss the same), but, specifically, its claim for punitive damages is without merit and must be stricken. Even taking the allegations in the Counterclaim in the light most favorable to Curtis, Curtis has not (and cannot) allege facts required by California law to succeed on a claim for punitive damages. It is clear that the only statements Epson is alleged to have made pertained directly to the existence and substance of this lawsuit, which makes all of the alleged statements privileged. Indeed, Curtis does not and cannot allege, as it must, any facts regarding supposed fraudulent or malicious conduct by Epson, given that all of the alleged statements are directly related to this lawsuit. Because Curtis makes only conclusory, unsupported

allegations of wrongdoing against Epson, its request for punitive damages must be stricken from the Counterclaim.

## FACTUAL BACKGROUND

The critical facts of this case are set forth in Epson's concurrently-filed Motion to Dismiss Curtis' Counterclaims, which is hereby incorporated by reference in its entirety. The only additional fact relevant to the instant Motion is that Curtis' Counterclaim alleges that it is entitled to punitive damages in connection with its claims for intentional interference (Count II) and trade libel (Count IV). Counterclaim, ¶¶ 124, 139.

## ARGUMENT

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Logan v. Zodiac Servs. Americas LLC*, C.A. No. SA CV 18-2119-DOC (ADSx), 2019 WL 3037936, at *2 (C.D. Cal. Feb. 5, 2019). Where a Plaintiff has not alleged the *prima facie* elements of its claims, courts in this District routinely grant motions to strike. *See, e.g., Logan*, 2019 WL 3037936, at *2-4.

### I. Curtis' Request for Punitive Damages Must be Stricken, As It Has Not Sufficiently Pled An Entitlement to Punitive Damages Under California Law.

California law is clear: a defendant cannot be liable for punitive damages based upon the acts of its employees unless the plaintiff pleads facts demonstrating the requisite "advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director, or managing agent of [the defendant]." Cal. Civ. Code § 3294(b). First, the term "managing agent" refers

to a person in the corporate "control group" who "guides corporate conduct" and "ultimately determines corporate policy." *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 166 (2000). Second, California law explicitly requires a showing of "clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice." Cal. Civ. Code § 3294. Accordingly, Curtis must plead *specific* facts which show that Epson made the alleged Retailer and Press Release Statements with oppression, fraud, or malice; mere conclusory statements that it did are not sufficient. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003); *Brousseau v. Jarrett*, 73 Cal. App. 3d 864, 872 (1977); *Cyrus v. Haveson*, 65 Cal. App. 3d 306, 316-17 (1976).

In regards to the first requirement, Curtis' request for punitive damages should be stricken because it has failed to allege that a corporate representative of Epson was aware of and ratified the Retailer and/or Press Release Statements. This is so even as Curtis concedes that Epson is "part of a global conglomerate owned by Seiko Epson[.]" Counterclaim, ¶ 85. Still, Curtis makes no reference in its Counterclaim to *any* Epson officer or director whatsoever, and fails to include any specific allegations establishing that a "managing agent" was involved in Epson's alleged communication of the Retailer and/or Press Release Statements. Moreover, Curtis fails to allege that any of Epson's actions were ratified by an officer, director, or managing agent of Epson.

The second requirement also fails because Curtis has not alleged *any* facts showing oppression, fraud, or malice on the part of Epson. Curtis makes only the conclusory statement that it is entitled to punitive damages due to Epson's "tortious, reckless, oppressive, fraudulent, and malicious conduct." Counterclaim ¶ 139. This single, conclusory allegation that simply parrots the statutory language of California Civil Code Section 3294 does not contain the type of factual allegations that are required to support Curtis' request for punitive damages. Moreover, and critically, as explained in far greater depth in Epson's contemporaneously-filed Motion to Dismiss Curtis' Counterclaim, Curtis *cannot* allege facts showing oppression, fraud, or malice,

as Epson's alleged Retailer and Press Release Statements pertained exclusively to the existence and/or subject of this lawsuit, and are thus protected by privilege under California law. *See* Cal. Civ. Code § 47(b); *Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP*, 18 Cal. App. 5th 95, 116 (2d Cal. App. Ct. 2017) (explaining that § 47(b) "encompasses not only testimony in court and statements made in pleadings, but also statements made prior to the filing of a lawsuit, whether in preparation for anticipated litigation or to investigate the feasibility of filing a lawsuit") (citations and internal quotation marks omitted).

Because Curtis alleges no facts establishing (1) the involvement of any Epson officer, director, or employee who had the authority to make decisions affecting Epson's corporate conduct, or (2) that Epson acted with oppression, fraud, or malice, Curtis' claims for punitive damages must be stricken.

## CONCLUSION

For the foregoing reasons, Epson respectfully requests that this Court GRANT its Motion to Strike Punitive Damages From the Counterclaim. A Proposed Order is attached hereto for the convenience of the Court.

K&L GATES LLP

Dated: September 3, 2019    By: */s/ Caitlin C. Blanche*
Caitlin C. Blanche
Morgan T. Nickerson
Jeffrey S. Patterson

Attorneys for Plaintiff / Defendant-in-Counterclaim Epson America, Inc.